## BEEBE & *a. v.* DUDLEY.

Where an auditor's report is transferred to this court, and the order of transfer shows that the parties agree that judgment shall be entered upon the report according to the opinion of the superior court, a trial by jury is thereby waived.

Where the report of an auditor was transferred to the superior court with an order for judgment according to the opinion of this court, and an opinion was given in favor of the plaintiffs, but the report was ordered by the superior court to be specially recommitted, to ascertain a particular fact left doubtful by the report, and that fact was afterwards reported upon more fully—*held*, that the new report was but an amendment of the former one, and that judgment should be rendered thereon according to the original transfer.

MOTION, for trial by jury. At the court of common'pleas, March term, 1853, this case, which had been referred to an auditor, was transferred for the determination of the questions of law arising on the auditor's statement.

At the superior court, July term, 1853, the opinion of the

superior court was delivered by one of the judges, in favor of the plaintiff on the general question, but upon a doubt upon the point, whether notice was given to the defendant before the suit was commenced, the case was sent back to the court of common pleas, to be recommitted to the auditor, in order that the report might be made explicit on this point. In the court of common pleas the case was recommitted to the auditor generally, who reported " that further testimony was offered and heard in said action, which showed a demand upon the defendant prior to the commencement of the action, and notice to him of the claim before the service of the writ." This was the only matter stated in the report, except the facts of notice to, and appearance by the parties, and the allowance of interest to the date of the new report.

The defendant, at the time of the order for recommitment in the superior court, and of the recommitment in the common pleas, declined to assent, or make any agreement in regard to the case.

He then moved, upon a proper affidavit, that the case might be tried by jury, on the ground that the last report of the auditor was to be regarded as a new report.

The court, on the ground that the new report was a mere amendment of the former report, and that the defendant's right to a trial by jury had been waived by the transfer to the superior court, disallowed the motion, subject to the opinion of the superior court.

And the case was ordered to be transferred for decision to the superior court.

The parties were permitted to refer to the case of March term, 1853, in the argument, if necessary.

*Cushing*, with whom was *Carleton*, for the defendant.

It is said in the case, that at the July term of this court, 1853, an opinion was delivered in favor of the plaintiff on the general question, but upon a doubt on the point whether

Beebe v. Dudley.

notice was given to the defendant before the suit was commenced, the case was ordered to be recommitted to the auditor in order that the report might be made explicit on this point. On this recommitment we say that a new hearing has been had, and a new report made, and that we have our right to a trial by jury on this new report, notwithstanding we waived it by the original transfer. As the case stood before, the auditor's report did not show an essential matter; the demand—and this report cannot be said to be merely an amended one, but a new one upon evidence.

It has not been generally understood that a party, by carrying a case of this kind to the superior court, thereby waives his right to a trial by jury. But perhaps we are cut off by the agreement stated in the original transfer, so far as that report might be regarded; but we have made no agreement as to the new report.

*Wheeler & Faulkner*, for the plaintiffs.

The original report of the auditor in this case contained, by agreement of the parties, a statement of facts.

The report was transferred to this court for the determination of questions of law, with a provision that judgment was to be rendered for the plaintiffs on the report, unless this court should otherwise order.

By this disposition of the case, the parties effectually waived all right to a trial by jury.

But as there was some ambiguity in the language of the report upon the question as to the time when notice was given, the court, instead of disposing of the case upon such light as was before them, took the necessary measures to make that explicit which would otherwise be a matter of some doubt. This court still have the case before them, and should now proceed to make such order as it appears would have been proper in the first instance.

These supplemental proceedings could not withdraw the

Beebe v. Dudley.

case from this court, nor will they restore to the defendant rights which he has once waived.

The right of trial by jury upon the report of an auditor, may be waived by the acts of a party as well as by his agreement. *King* v. *Hutchins*, 6 Foster's Rep. 139.

EASTMAN, J. By a provision of this case the parties are permitted to refer to the case as transferred by the common pleas at the March term, 1853. A reference to that case shows, that upon the transfer then made to this court, the parties substantially agreed that judgment should be rendered upon the report, according to the opinion of this court thereon. Under that agreement judgment would have been rendered upon the report of the auditor, under the order of this court, at the July term, 1853, had it not been that the court were of opinion that it did not distinctly appear from the finding of the auditor whether any demand was made upon the defendant before the suit was brought. Such is the rule of practice as laid down in *King* v. *Hutchins*, 6 Foster's Rep. 139, and which we think should not be departed from. A case should not go to trial by the jury on an auditor's report, after the parties have otherwise agreed, and the report is sent to this court for final determination.

When this case was before this court at the term referred to, a decision was made in favor of the plaintiff upon the main questions raised. But it not appearing distinctly whether any notice had been given to the defendant before the commencement of the suit, the report was ordered to be recommitted to the auditor to ascertain that fact. It was not an order for a general recommitment. *Beebe* v. *Dudley*, 6 Foster's Rep. 249, 256; and although the common pleas made a general recommitment, yet the auditor, it seems, understood the order of this court as a special one, such as it was, and acted accordingly.

We think that the court below were right in the view which they took of the case; that the new report was a

mere amendment of the former one, and that the defendant's right to a trial by jury had been waived by the agreement made on the previous transfer.

The deficiency in the former report being supplied, there should now be,

*Judgment on the report.*